NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000004
31-MAR-2014
10:35 AM

NOS. CAAP-13-0000004; CAAP-13-0000005; CAAP-13-0000006
CAAP-13-0000007; CAAP-13-0000010

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KALIKO KANAʻELE, Defendant-Appellant


APPEAL FROM THE DISTRCT COURT OF THE THIRD CIRCUIT
(NORTH/SOUTH HILO DIVISION)
(CASE NO. 1DTC-09-000112, 3DTC-09-029447, 3DTA-10-03972,
3DTC-12-001003, 3DTA-12-01576)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Defendant-Appellant Kaliko Kanaʻele (Kanaʻele) appeals from Judgments entered by the District Court of the Third Circuit (District Court)[1] on December 5, 2012, in 3DTA-10-03972, 3DTA-12-01576, 3DTC-09-000112, and 3DTC-09-029447, and on December 6, 2012, in 3DTC-12-001003. Kanaʻele was convicted of four counts of driving without a license, in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007 & Supp. 2012); three counts of driving without no-fault insurance, in violation of HRS § 431:10C-104 (2005); and one count of criminal contempt, in violation of HRS § 710-1077(1)(g) (Supp. 2008).

---

[1] The Honorable Harry P. Freitas presided.

In the District Court, Kana'ele moved to dismiss the charges. He asserted that he was a subject of the Kingdom of Hawai'i, that he was cited in the Kingdom of Hawai'i, and that the District Court lacked jurisdiction over his cases. The District Court denied the motion to dismiss, and Kana'ele entered conditional pleas of no contest on all the charges. Based on his pleas, the District Court found Kana'ele guilty and sentenced him to various fines and assessments.

I.

On appeal, Kana'ele argues that the District Court lacked jurisdiction over his cases because the Hawaiian Kingdom continues to exist and he is a subject of the Hawaiian Kingdom. We conclude that Kana'ele's argument is foreclosed by decisions of the Hawai'i Supreme Court and this court. State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013); State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004).

In Kaulia, the defendant, Dennis Kaulia, contended that "the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution because the defense proved the existence of the Hawaiian Kingdom and the illegitimacy of the State of Hawai'i government." Kaulia, 128 Hawai'i at 486-87, 291 P.3d at 384-85. The supreme court rejected Kaulia's claim. Id. The supreme court ruled as follows:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).

2

Thus we also reject Kaulia's argument that the circuit court erred in precluding Kaulia from calling a witness to present evidence concerning the existence of the Kingdom in support of his Motion to Dismiss.

Id. at 487, 291 P.3d at 385.

In Fergerstrom, this court stated:

[T]he State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i.

Fergerstrom, 106 Hawai'i at 55, 101 P.3d at 664.

Consistent with Kaulia and Fergerstrom, we hold that the District Court had jurisdiction over Kana'ele's cases.

II.

We affirm the Judgments entered by the District Court on December 5, 2012, in 3DTA-10-03972, 3DTA-12-01576, 3DTC-09-000112, and 3DTC-09-029447, and on December 6, 2012, in 3DTC-12-001003.

DATED: Honolulu, Hawai'i, March 31, 2014.

On the briefs:

Gary C. Zamber
for Defendant-Appellant

Patricia A. Loo
Deputy Prosecuting Attorney
County of Hawai'i

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

3